**Ernest L. WHITAKER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 85–2055.**

United States Court of Appeals, Federal Circuit.

Feb. 26, 1986.

---

Jeffrey M. Hamberger, Kamerow & Kamerow, P.C., Washington, D.C., argued for petitioner. With him on the brief was Jacob A. Kamerow.

Paul G. Streb, Merit Systems Protection Board, Washington, D.C., argued for respondent. With him on the brief were Evangeline W. Swift, General Counsel and Mary L. Jennings, Associate General Counsel for Litigation.

Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and NIES, Circuit Judge.

SKELTON, Senior Circuit Judge.

DECISION *

The decision of the Merit Systems Protection Board (Board), Docket Number DC07528410492, dismissing Ernest L. Whitaker's (petitioner's) appeal from a decision of the General Services Administration removing him from his job as a Federal Pro-

---

* This opinion, issued December 17, 1985 in unpublished form, is reissued for publication in response to a motion.

tective Officer as not within the Board's jurisdiction because he had previously elected arbitration, is affirmed.

## OPINION

Petitioner Ernest L. Whitaker was separated from his position as a Federal Protective Officer, GS–5, with the General Services Administration (GSA), National Capitol Region, Office of Public Buildings and Real Property, effective May 18, 1984, as a consequence of his pleading guilty to, and being found guilty of, the felony of *Carrying a Pistol Without a License*. This conviction prohibited petitioner from lawfully carrying a firearm, which was required in this position. In addition, it was discovered that petitioner did not have a valid automobile driver's license from the District of Columbia where he resided. His job required him to drive a car.

On April 4, 1984, Mr. Alvin C. Turner, Director, Federal Protection and Safety Division, in a signed letter to petitioner, proposed to remove him from his position. Mr. Turner stated in his letter, *inter alia*, that petitioner's felony firearm conviction violated GSA Standards of Conduct and impaired petitioner's job performance, trustworthiness, and the ability of GSA to perform its mission. Mr. Paul E. Garrison, petitioner's designated union representative, replied in writing on April 18, 1984, to Mr. Turner's letter of April 4, 1984. Mr. Garrison stated in his letter of response, that he was representing petitioner in the proposed action to separate petitioner from the service. In addition, Mr. Garrison acted on behalf of petitioner as his representative a number of times after April 18, 1984, including petitioner's election of expedited arbitration; the cancellation of petitioner's election of expedited arbitration; later appealing to the Board; and the seeking of reinstatement of expedited arbitration after the Board denied the appeal for lack of jurisdiction.

On appeal to this court, petitioner contends that he had not personally elected arbitration but desired to proceed before the Board. However, he elected to proceed through arbitration when his union representative, Mr. Garrison, invoked expedited arbitration on his behalf on May 18, 1984, the day petitioner was removed, in a signed letter choosing arbitration. Petitioner contends that he is not bound by the acts of his representative.

It is clear that petitioner designated Mr. Garrison to act on his behalf as his representative and knew what he was doing. It is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Massingale v. Merit Systems Protection Board*, 736 F.2d 1521, 1523 (Fed.Cir.1984).

Petitioner contested his separation by first electing, in writing, through his representative, to appeal the agency decision removing him from his job by proceeding through expedited arbitration under Article 34, Section 21 of the National Agreement of the American Federation of Government Employees. Under 5 U.S.C. § 7121(e)(1), petitioner could have elected to contest his separation *either* by appealing to the Board, *or* through the negotiated grievance procedure, *but not both*. (Emphasis Supplied). Therefore, the Board correctly decided that it did not have jurisdiction because petitioner had first elected the negotiated grievance procedure. We need not reach the other issues raised by petitioner.

As provided by 5 U.S.C. § 7703(c), the Board's decision may only be reversed by this court if arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *Brewer v. United States Postal Service*, 647 F.2d 1093, 1096 (Ct.Cl.1981), *cert. denied*, 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982). We are satisfied that the record before us does not support any of these conditions, and indeed, adequately supports the Board's decision.

AFFIRMED