82 F.3d 433
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Chauency M. DUNCAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3024.
 United States Court of Appeals, Federal Circuit.
 March 12, 1996.
 
 Before ARCHER, Chief Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Chauency M. Duncan petitions for judicial review of the final decision of the Merit Systems Protection Board ("Board") in docket number CH-0752-95-0960-I-1, which dismissed his appeal for lack of jurisdiction. We affirm the Board's decision.
 
 DISCUSSION
 
 2
 Duncan was employed as a Police Officer by the Department of the Air Force ("Agency"). On June 26, 1995, Duncan was removed from this position on charges of communicating a threat, use of abusive language, misrepresentation of fact, and falsification. The Agency advised Duncan by letter that he had two mutually exclusive procedures for challenging his removal. Duncan could either file a grievance procedure under the collective bargaining agreement between the Agency and his union, or he could file an appeal with the Board. On June 30, 1995, Duncan initiated a grievance alleging that he was removed from his position in retaliation for an equal employment opportunity complaint he filed in October, 1994. He subsequently claimed that the removal was also in retaliation for whistle-blowing activity, which consisted of informing his base commander that his supervisor committed battery upon his person. On July 18, 1995, eighteen days after he had filed his grievance, he filed an appeal to the MSPB.
 
 
 3
 An aggrieved employee may raise his concerns either under an applicable negotiated grievance procedure or under the appellate procedure, "but not both." 5 U.S.C. § 7121(e)(1) (1994); see Rodriguez v. Merit Sys. Protection Bd., 804 F.2d 673, 675 (Fed.Cir.1986). Furthermore, the Act states that an employee exercises his option by timely filing either a notice of appeal or a written grievance, "whichever event occurs first." Id. The parties agree that Duncan filed a grievance on June 5, 1995, eighteen days before initiating the Board appeal. By first filing a grievance, Duncan made his election and must exhaust his remedies under the grievance procedure. The withdrawal of the grievance does not affect his selection under this Act. See Whitaker v. Merit Sys. Protection Bd., 784 F.2d 1109 (Fed.Cir.1986); Jones v. Department of Justice, 53 M.S.P.R. 117 (1992); cf. Duncan v. Merit Sys. Protection Bd., 795 F.2d 1000 (Fed.Cir.1986) (noting the withdrawal of Board procedures does not permit grievance procedure election under the Act.) The appellate remedy is no longer available to Duncan. Therefore, neither the Board nor this Court has jurisdiction over the matter.
 
 
 4
 Duncan asserts that he has a distinct right of action due to the Whistleblower Protection Act which allows retaliation as a basis for jurisdiction. 5 U.S.C. § 1221 (1994). However, this right is subject to statutory limitations, specifically an exhaustion requirement. Knollenberg v. Merit Sys. Protection Bd., 953 F.2d 623, 625 (Fed.Cir.1992). Duncan must first seek corrective action from the office of Special Counsel. 5 U.S.C. §§ 1214(a)(3). Once corrective action is sought without success, Duncan then would have an individual right of action seeking action from the Board. 5 U.S.C. § 1221(a); see Marano v. Department of Justice, 2 F.3d 1137 (1993). The record does not show that the appellant sought corrective action from the Special Counsel prior to filing his grievance. See 5 C.F.R. 1209.2(b)(1).
 
 
 5
 Appellate review of the Board's decisions is limited. This court can only reverse the Board's final decisions which are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); see Brewer v. United States Postal Service, 647 F.2d 1093, 1096 (Ct.Cl.1981), cert. denied, 454 U.S. 1144 (1982). We are satisfied that the Board properly dismissed the appeal for lack of jurisdiction.