Angie Lynn BOULEY, a minor, By and
Through her Legal Representative,
Alyce S. COLLIER, Petitioner,

v.

SECRETARY OF THE DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.

No. 91–540V.

United States Court of Federal Claims.

Jan. 17, 1997.

**228**

Rodney A. Klein, Sacramento, California, for petitioner. Michael R. Skow, of counsel.

Gerard W. Fischer, Assistant Director, with whom were Frank W. Hunger, Assistant Attorney General, Helene M. Goldberg, Director, and John Lodge Euler, Deputy Director, Washington, D.C., for respondent.

*OPINION*

ANDEWELT, Judge.

**I.**

In this vaccine action, petitioner, Angie Lynn Bouley (Angie), through her legal representative, Alyce S. Collier, seeks compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa–1 to – 34 (the Vaccine Act), for injuries Angie allegedly suffered as a result of a DPT (diphtheria, pertussis, tetanus) vaccination administered on November 5, 1981. In an August 23, 1996, decision, the special master dismissed the petition as barred by Section 11(a)(5) of the Vaccine Act. The special master based this dismissal on a California Superior Court action filed by petitioner in 1987 which sought compensation for Angie's alleged vaccine-related injuries from the vaccine manufacturer and other defendants. Section 11(a)(5) of the Vaccine Act requires a petitioner to choose between relief under the Vaccine Act and civil relief in another court. Petitioner filed the instant action on January 31, 1991, and dismissed her California Superior Court action approximately ten months later, on December 4, 1991.

In his August 23, 1996, decision, the special master discusses in detail the controlling pre-cedent in the Court of Appeals for the Federal Circuit which interprets Section 11(a)(5).[1] *Flowers v. Secretary, HHS,* 49 F.3d 1558 (Fed.Cir.1995); *Weddel v. Secretary of Dept. of HHS,* 23 F.3d 388 (Fed.Cir.1994); *Matos v. Secretary of HHS,* 35 F.3d 1549 (Fed.Cir. 1994); *Amendola v. Secretary, Dept. of HHS,* 989 F.2d 1180 (Fed.Cir.1993). The special master concluded that this precedent demands dismissal of the instant petition for two reasons. First, the special master's interpretation of *Amendola* and *Matos* requires a petitioner to dismiss any civil action for vaccine-related damages that is pending on the effective date of the Vaccine Act, October 1, 1988, within two years after that date, or by October 1, 1990. Petitioner's California Superior Court action was pending on the effective date of the Vaccine Act, but petitioner did not dismiss that action until December 4, 1991, more than one year beyond the two-year period. Second, the special master's interpretation of *Weddel* and *Flowers* prohibits the filing of a petition under the Vaccine Act if the petitioner has pending a civil action for vaccine-related damages, as petitioner did in the instant case.

The special master rejected petitioner's alternative argument that the doctrine of equitable tolling applies to the filing conditions set forth in Section 11(a)(5) and that based on application of that doctrine, the instant petition should be deemed timely filed. The special master concluded that the doctrine of equitable tolling does not apply to the filing conditions set forth in Section 11(a)(5) and even if it did, petitioner has failed to make the required factual showing to warrant application of equitable tolling.

In her motion for review, petitioner contends that (1) the special master misinterpreted the Federal Circuit precedent when he concluded that petitioner did not satisfy the requirements of Section 11(a)(5); (2) the

---

1. Section 11(a)(5) provides:
   (A) A plaintiff who on the effective date of this subpart has pending a civil action for damages for a vaccine-related injury or death may, at any time within 2 years after the effective date of this subpart or before judgment, whichever occurs first, petition to have such action dismissed without prejudice or costs

and file a petition under subsection (b) of this section for such injury or death.
   (B) If a plaintiff has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition under subsection (b) of this section for such injury or death.

doctrine of equitable tolling applies and renders the instant petition consistent with the requirements of Section 11(a)(5); and (3) the effective date of Section 11(a)(5) was changed from October 1, 1988, to December 1990, and hence the two-year period for dismissing any pending civil actions was extended to December 1992. This court reviews a special master's factual determinations under an arbitrary and capricious standard and reviews determinations on issues of law on a *de novo* basis. *Weddel,* 23 F.3d at 391; *Matos,* 35 F.3d at 1552; *Munn v. Secretary of Dept. of HHS,* 970 F.2d 863, 870 & n. 10 (Fed.Cir. 1992). Upon review of the special master's August 23, 1996, decision, the court concludes that the special master's analysis of the facts and discussion of the pertinent issues of law are thorough and well reasoned.

## II.

■ Petitioner disputes the special master's interpretation of the Federal Circuit precedent. Petitioner attempts to distinguish *Amendola* and *Matos* on the ground that unlike the instant case, the petitioners therein allowed their previously filed civil actions to go to judgment after the effective date of the Vaccine Act. But this factual distinction does not undermine the controlling nature of *Amendola* and *Matos.*

In *Amendola,* the Federal Circuit based its analysis of Section 11(a)(5) on the interaction between subsections (A) and (3). The court explained:

Subsection 11(a)(5)(A) states that if a plaintiff has [a civil action] pending on [the effective date of the Vaccine Act], the plaintiff may at any time within two years of that date or before judgment, whichever occurs first, dismiss the suit and claim under the Act. Subsection (a)(5)(B) states a more sweeping rule on the same point: a plaintiff who has a civil suit pending (the provision does not say pending when) for a vaccine-related injury may not file a petition at all. One way to make sense of these two paragraphs is to read them in reverse—(a)(5)(B) states a general rule barring compensation under the Act if a civil suit has been earlier initiated and is pending on the effective date of the Act

(this is the way the Court of Federal Claims read it); (a)(5)(A) states an exception if the suit is promptly terminated (within two years of the effective date of the Act) before judgment.

989 F.2d at 1183. Thus, in *Amendola,* the Federal Circuit interpreted the exception in Section 11(a)(5)(A) to apply only when the pending civil action is terminated both within two years of the effective date of the Vaccine Act and before judgment.

The Federal Circuit's analysis in *Matos* is to the same effect. Therein, the court stated:

[S]ection 300aa–11(a)(5)(B) states a general rule barring the filing of a petition for compensation under the [Vaccine Act] if the would-be petitioner has a civil action for a vaccine-related injury or death pending on October 1, 1988. Section 300aa–11(a)(5)(A), however, provides an escape hatch for such a would-be petitioner. Under that section, a party who has a civil action for a vaccine-related injury or death pending on October 1, 1988, may file a petition for compensation *if, within 2 years after October 1, 1988, and before judgment,* the party petitions to have the civil action dismissed.

35 F.3d at 1552 (citations omitted) (emphasis added). Under the reasoning of *Amendola* and *Matos,* although petitioner dismissed her California Superior Court action before judgment, petitioner's failure to dismiss that action within two years after the effective date of the Vaccine Act bars the instant petition.

Petitioner's effort to distinguish *Weddel* and *Flowers* is similarly deficient. The special master properly interpreted those decisions and the court agrees with the special master's reasoning that the instant petition, when filed, failed to satisfy the requirements of Section 11(a)(5).

## III.

■ Petitioner's argument that equitable tolling applies and renders the instant petition consistent with the requirements of Section 11(a)(5) focuses in part on the actions

and inactions of her own attorneys.[2] In her motion for review, petitioner alleges that the law firm that represented her in her California civil action underwent some kind of reorganization and after the attorney responsible for her case left the firm and successfully petitioned to be removed as counsel of record, an attorney at the original firm represented to petitioner that he would either find another attorney to pursue the case or have the case dismissed. Thereafter, in January 1991, petitioner learned of the Vaccine Program. With less than one month to file a petition within the deadline set forth in the Vaccine Act, petitioner assumed that her prior civil action had been dismissed and hired a different attorney to prepare a petition.

The special master addressed this argument as follows:

> [Petitioner's argument with respect to equitable tolling] amounts to a general equitable plea that she was the victim of irresponsible behavior by the law firm that filed the civil action on her behalf, and that therefore it would be "unfair" for this court to dismiss her Program petition. Accepting at face value petitioner's somewhat confusing representations concerning the actions of her former counsel, it does appear that she was very poorly treated by her counsel. But she fails to explain how such treatment is relevant to my decision here. Perhaps she has the makings of a legal malpractice complaint against her former counsel, but she fails to cite any authority or legal doctrine under which I could set aside the application of § 300aa–11(a)(5) because of the actions of her counsel. In short, petitioner's "equitable tolling" argument must be rejected.

*Bouley v. Secretary, HHS,* No. 91–540V, slip op. at 8–9, 1996 WL 870825 (Fed.Cl. Aug. 23, 1996).

■ The court agrees with the special master's reasoning. The doctrine of equitable tolling applies equally to suits against the United States and suits against private defendants. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990). The doctrine, however, has been invoked sparingly and only in certain, narrowly defined factual settings so as to protect the important benefits that underlie statutes of limitations. *Creppel v. United States,* 41 F.3d 627, 633 (Fed.Cir.1994). Petitioner has not cited any case that has applied the doctrine of equitable tolling in a situation analogous to the instant action, where legal counsel has failed to live up to his commitments and take diligent steps on a timely basis. Application of equitable tolling in such a setting would involve a broad expansion of the doctrine and would be fundamentally inconsistent with the "well settled [principle] that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." *Whitaker v. MSPB,* 784 F.2d 1109, 1110 (Fed.Cir.1986). As the Supreme Court explained in *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962):

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Smith v. Ayer,* 101 U.S. (11 Otto.) 320, 326, 25 L.Ed. 955 (1879).

■ As an alternative ground for applying the doctrine of equitable tolling, petitioner blames respondent for her failure to dismiss the civil action within two years after the effective date of the Vaccine Act. Petitioner alleges that she was not aware of the Vaccine Act until shortly before the deadline

---

**2.** The court need not address the special master's contention that the doctrine of equitable tolling does not apply to Section 11(a)(5) because, for the reasons set forth below, the court concludes that even assuming equitable tolling does apply, petitioner has not alleged facts sufficient to invoke the doctrine.

 

for filing a petition thereunder because the Secretary of the Department of Health and Human Services (HHS) had failed adequately to inform the public of the existence of the Vaccine Program. But petitioner did not submit any evidence to support her contention that HHS did not make a reasonable effort to publicize the Vaccine Act. More fundamentally, however, even if HHS could have expended additional resources to better publicize the Vaccine Act, the doctrine of equitable tolling would not reach this situation. In listing the situations where equitable tolling is invoked, the Supreme Court in *Irwin* explained: "We have allowed equitable tolling in situations where ... the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin,* 498 U.S. at 96, 111 S.Ct. at 457–58. Petitioner has not pointed to any actions or inactions by respondent that can be characterized as misconduct by the government. The essence of petitioner's argument is that she was not aware of the underlying law that gave rise to her cause of action. Ignorance of the law is not a ground for tolling a statute of limitations. *New York and Cuba Mail S.S. Co. v. United States,* 145 Ct.Cl. 652, 658, 172 F.Supp. 684 (1959) ("one's ignorance of his rights neither accelerates nor tolls the running of the statute of limitations").

■ Petitioner also argues that equitable tolling should apply because the Office of the Special Masters did not act on her petition in a timely manner. Petitioner argues that had the special master acted earlier, petitioner would have had an opportunity to dismiss her California civil action and refile her petition within the time limit set forth in the Vaccine Act. But petitioner acknowledges that this delay resulted from the "horrendous backlog" that the special masters faced when the Vaccine Act became effective and thousands of petitioners filed for all pre-Act injuries. The Office of the Special Masters acted diligently when faced with this backlog and there is no governmental misconduct that could support petitioner's argument. Moreover, instead of relying on the special masters to uncover any filing defects, petitioner should have relied upon her own counsel to

act diligently to ensure that the petition satisfied the statutory requirements.

### IV.

■ Petitioner argues that the effective date of Section 11(a)(5) was changed from October 1, 1988, to December 1990 and hence the two-year period for dismissing any pending civil actions was extended to December 1992. The court agrees with the special master's conclusion that the effective date to which Section 11(a)(5) refers is October 1, 1988. The court also agrees with the special master's rejection of petitioner's final argument concerning the applicability of *Brown v. United States,* 175 Ct.Cl. 343, 358 F.2d 1002 (1966).

### *Conclusion*

For the reasons set forth above, the court affirms the special master's August 23, 1996, decision. The Clerk of the Court shall enter judgment dismissing the instant petition.

IT IS SO ORDERED.