NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3326

DONALD F. ULIANO,

Petitioner,

v.

CENTERS FOR MEDICARE AND MEDICAID SERVICES,
BOSTON REGIONAL OFFICE,

Respondent.

_____

DECIDED:  June 16, 2006

_____

Before NEWMAN, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Donald F. Uliano seeks review of the arbitrator's decision dismissing his grievance.
We <u>affirm</u>.

## BACKGROUND

The arbitrator held a hearing to consider, together, the appeals of Mr. Uliano and a
fellow employee, Abraham Heitin, both of whom had brought grievances relating to their
alleged involuntary retirements from the Center for Medicare and Medicaid Services (the

"agency"). Mr. Uliano has not provided us with the events that led to his grievance; however, Mr. Heitin's grievance related to asserted pressure to retire, including his supervisor's threat to make him, but not other employees, account for "every minute" of his time. Mr. Heitin's and Mr. Uliano's union representative filed a Union Management Grievance in accordance with Article 24 of the Master Labor Agreement. The grievance was the subject of a teleconference, the record referring for the first time to Mr. Uliano: "Mr. Heitin and Mr. Uliano [were] present by phone." The agency rejected the grievance, finding that the retirements of both "Mr. Heitin and Mr. Uliano" were "voluntary."

The union proceeded to arbitration, in accordance with the Labor Agreement. The arbitrator and the parties scheduled hearings for August 5-6, 2004 and October 19-20, 2004 in Boston, Massachusetts, the location of the agency's regional office. Mr. Uliano, through his attorney Mr. Roger Mervis, objected to the location of the hearings, stating that the location would trigger "many stressful memories" and would aggravate "his physical and emotional condition." Mr. Uliano later withdrew this request, and testified on August 6, 2004. His cross-examination was scheduled to begin on October 19, 2004.

On October 19, 2004, neither Mr. Uliano nor attorney Mervis was present. Mr. Eric Pines, who represented the union and also represented Mr. Heitin, informed the arbitrator that:

> I'm here with a message, I don't represent Don Uliano, but Roger Mervis informed as of, well the story was about a week ago I got a call from Roger Mervis that Don Uliano did not want to testify in this case because of a discussion he had with his therapist and emotional difficulties he's having, as obviously were characterized from his testimony. He did not want to go forward with the case anymore.
>
> Then I was told I would get a firm commitment as to whether he would go forward or not. About 20 minutes ago I finally heard again from Mr. Mervis

05-3326                                         2

who informed me that Mr. Uliano had informed him that he would like to testify by telephone for the rest of his testimony . . .

Transcript at 330.  The arbitrator denied the request, reasoning that:

> We can't have the opportunity for him to go on as he did the last time we were here and not have him here in person to be cross examined.  And especially in this type of case, given the claim he is making, he is either going to have to come forward and testify, or B- two things, he can drop his case, or I will take note of the fact, with prejudice that he failed to appear, and I will take that into account when I make my decision.

Id. at 331.  During a break, attorney Pines conveyed this decision of the arbitrator to attorney Mervis by telephone, and then informed the arbitrator that "Mr. Mervis said Don still would not appear for the hearing" and would only testify by telephone.

The parties and the arbitrator thereafter considered the impact of Mr. Uliano's refusal to appear in person for cross-examination.  Ms. Wilhelm, the agency's counsel, moved to dismiss the "entire case," including the grievance of Mr. Heitin; however, the arbitrator decided that the parties should proceed and present their remaining witnesses.  In order to determine what remaining witnesses should appear, the parties requested clarification of the arbitrator's ruling regarding Mr. Uliano.  The arbitrator stated that all of Mr. Uliano's testimony in support of himself or Mr. Heitin would be stricken, reasoning that:

> Uliano has not presented himself nor his attorney to be here to subject himself to cross examination, therefore, the Agency has not had an opportunity to rebut his case, therefore, I cannot rule favorably on Uliano's case without the Agency being given the full opportunity to cross examine.

Transcript at 344.  Attorney Pines then conveyed a request from attorney Mervis to participate by telephone.  The arbitrator agreed, as long as the agency was involved in the communication.  After a recess, attorney Pines informed the arbitrator that he had relayed the arbitrator's position to attorney Mervis via voicemail and had told him that he should

05-3326                                           3

telephone in the next four to five minutes if he wanted to participate. No call from Mervis was received. The parties then scheduled final briefing for December 6, 2004, and the hearing was ended.

The next and last communication in the record concerning Mr. Uliano occurred on January 28, 2005, when attorney Mervis sent the arbitrator an e-mail asking the arbitrator to "please excuse this last minute communication" and exercise his discretion to keep the record open until Mr. Uliano could complete his testimony. Attorney Mervis stated that Mr. Uliano's therapists had recommended that he not attend the hearings, that Mr. Uliano would still like to complete his testimony and make himself available for cross-examination, and that he would be willing to do so in an "expeditious and cost-effective fashion (e.g., teleconference)." Attorney Mervis offered to provide the arbitrator with "(1) legal points and authorities and (2) documentation of Mr. Uliano's disabilities, upon request." The record does not contain any reply to this communication.

The arbitrator issued a written decision on June 22, 2004. As to Mr. Uliano, the arbitrator held, "In as much, neither Counsel Mervis nor Uliano chose to come to the hearing to be subject to cross examination for which they had been scheduled to appear since August, they have effectively withdrawn their case, and the Uliano grievance is dismissed." Arb. Dec. at 3. Mr. Uliano appeals, arguing, broadly, that he was inadequately represented by counsel and by the union, and that the arbitrator should have accommodated his physical and mental disadvantages and trauma.

DISCUSSION

We review an arbitrator's decision under the same standard as for decisions of the Merit Systems Protection Board.  See 5 U.S.C. §7121(f).  The arbitrator's decision must be upheld unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. §7703(c); see King v. Dep't of Navy, 130 F.3d 1031, 1033 (Fed. Cir. 1997).

Mr. Uliano states that the arbitrator's decision should be reversed based on the alleged errors and misconduct and inadequate representation by attorneys Mervis and Pines.  Mr. Uliano states that both Pines and Mervis were aware of his inability to appear through an e-mail sent well in advance of the hearing; he states that Pines and Mervis intentionally abandoned his case after he informed them that "some testimony (which they instructed me to change) on behalf of Mr. Heitin was indeed false and that I would not commit perjury under oath."  He states that attorney Pines told the arbitrator that he did not represent Mr. Uliano, knowing full well that he represented both Mr. Uliano and Mr. Heitin.  Mr. Uliano also questions the neutrality of the arbitrator, citing the informality of e-mails between the arbitrator and attorney Pines.

The agency replies that none of these allegations is supported by evidence.  The agency also invokes the "well settled" principle that a party is bound by his representative's conduct.  Whitaker v. Merit Sys. Prot. Bd., 784 F.2d 1109, 1110 (Fed. Cir. 1986) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 633-34 (1962)).  This principle is subject to an exception where the attorney's deceptions and negligence has thwarted the client's diligent efforts to prosecute the suit, as in Dunbar v. Department of the Navy, 43 M.S.P.R. 640, 644

05-3326                                    5

(1990).  We agree with the agency, however, that the record does not support an allegation that Mr. Uliano's efforts to pursue his case were thwarted by deceptions or negligence of an attorney.  We also agree with the agency that Mr. Uliano's charges as to the neutrality of the arbitrator are devoid of support.

Mr. Uliano states that it was arbitrary, capricious, and an abuse of discretion for the arbitrator to dismiss his case, rather than accommodate his mental and physical disability and allow him to testify by telephone.  Mr. Uliano states that it was "highly extraordinary" for the arbitrator to split the case, ruling favorably for Mr. Heitin but dismissing Mr. Uliano's case.  The agency responds by pointing to the importance of cross examination, see Davis v. Alaska, 415 U.S. 308, 316 (1974) ("'The opponent demands confrontation, not for the idle purpose of gazing upon the witness, or of being gazed upon by him, but for the purpose of cross-examination, which cannot be had except by the direct and personal putting of questions and obtaining immediate answers' . . . Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested") (quoting 5 J. Wigmore, Evidence §1395, p. 123 (3d ed. 1940)).  The agency also points to the lack of medical records or other explanation of Mr. Uliano's alleged mental or physical disabilities, observing that Mr. Uliano had already proven capable of testifying at the August hearing, and that Mr. Uliano stated in his informal brief that, upon additional consultation with his therapist, he determined that he would be able to testify on October 20, 2004, the day after the hearing had been scheduled to begin.

We do not discern reversible error in the arbitrator's insistence that Mr. Uliano must be cross-examined in person and not by telephone.  A leading treatise on arbitration has discussed the importance of in-person testimony in arbitration:

> While some arbitrators have permitted telephone testimony for basic background information or as a last resort, most arbitrators view the use of telephone testimony with skepticism. Permitting a witness to testify by telephone prevents both the arbitrator, and the opposing advocate, from evaluating the witness's demeanor and thus hinders the ability to judge the witness's credibility. It also impairs a party's right to confront and to effectively cross-examine the witness.

Elkouri & Elkouri, How Arbitration Works 365 (6th ed. 2003). The failure of Mr. Uliano to appear personally led to the arbitrator's conclusion that the grievance was unsupported and must be dismissed. Upon informing Mr. Uliano's attorney, through attorney Pines, that without such testimony he could not "rule favorably on Uliano's case," the arbitrator was led by the absence of a timely proffer of such appearance to conclude that Mr. Uliano and his counsel had "effectively withdrawn their case." Arb. Dec. at 3.

The Supreme Court has recognized the inherent power of a decision maker to dismiss a case for failure to prosecute. Chambers v. NASCO, 501 U.S. 32, 49 (1991). Similar procedure is followed in appeals to the Merit Systems Protection Board, see, e.g., Wright v. Dep't of Treasury, 53 M.S.P.R. 244, 252 (1992) ("An administrative judge is authorized to impose the sanction of dismissal if a party fails to prosecute or defend an appeal.") (citing 5 C.F.R. §1201.43(b) ("If a party fails to prosecute or defend an appeal, the judge may dismiss the appeal")). Taking account of the informality and added flexibility of arbitration proceedings, we do not discern arbitrary or unfair action in the arbitrator's requirement that Mr. Uliano appear for cross-examination at the scheduled hearing. We agree with the agency that the arbitrator's dismissal of Mr. Uliano's grievance was not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. Further, it was not obtained without procedures required by law, rule or regulation having

been followed, and is not unsupported by substantial evidence. <u>See</u> §7703(c). The arbitrator's decision is affirmed.

No costs.