**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CARLOS JOSE CACERES-GARCIA,
          Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
PH-0752-24-0082-I-1

DATE:  December 10, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Francisco J. Reyes, Guaynabo, Puerto Rico, for the appellant.

Joved Gonzalez-Rivera, Mayaguez, Puerto Rico, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction on the basis that he did not make a nonfrivolous allegation of Board jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the initial decision and DISMISS the appeal for lack of jurisdiction because the appellant elected to challenge his removal through the negotiated grievance process.

## BACKGROUND

The appellant was employed as a GS-06 Pharmacy Technician in San Juan, Puerto Rico. Initial Appeal File (IAF), Tab 1 at 1, Tab 5 at 13. The agency removed him effective July 7, 2023, based on charges of unauthorized absence without leave (AWOL) and failure to follow leave requesting procedures. IAF, Tab 5 at 27-30. In the removal decision, the agency advised the appellant that he could file an appeal at the Board or file a grievance through the negotiated grievance procedure, but not both. *Id.* at 27-29. The agency explained that the appellant would be deemed to have elected his forum based on where he filed first. *Id.* at 28-30. On July 7, 2023, the appellant, through his union representative, filed a Step III grievance challenging his removal and requesting that the removal be held in abeyance until a decision was reached on the grievance. *Id.* at 25. The agency agreed. *Id.* at 24.

On August 8, 2023, the appellant, the union, and the agency entered into a Last Chance Agreement (LCA), which held the appellant's removal in abeyance for 2 years. *Id.* at 21-23. Under the terms of the LCA, the appellant agreed to abide by

certain conditions during the 2-year abeyance period. *Id.* at 21-22. Among these conditions were that he would have no instances of AWOL or tardiness. *Id.* Failure to abide by any of these conditions would result in the enforcement of the July 7, 2023 removal. *Id.* at 22. The appellant agreed that he understood "that if he does not accept this Last Chance Agreement, he only has the right to continue through Arbitration since he has already appealed the removal decision action through the negotiated grievance procedure." *Id.* at 22.

On October 5, 2023, the appellant was allegedly 15 minutes late to his duty station, and he was reported as AWOL for those 15 minutes. *Id.* at 17. On October 30, 2023, the deciding official issued the appellant a letter titled "Enforcement of Decision – Removal." *Id.* at 15-16. The letter explained that because the appellant was charged with AWOL, and thus was in violation of the LCA, the agency was enforcing his removal. *Id.* The agency effectuated the appellant's removal the next day. *Id.* at 13.

On November 9, 2023, the appellant filed the instant appeal challenging his removal. IAF, Tab 1. The appellant disputed that he was AWOL on October 5, 2023. *Id.* at 2. Without holding the appellant's requested hearing, the administrative judge issued an initial decision, which dismissed the appeal for lack of jurisdiction. IAF, Tab 1 at 1, Tab 12, Initial Decision (ID) at 1, 8. The administrative judge found that the appellant did not nonfrivolously allege either that he complied with the LCA, that the agency breached the LCA, or that the waiver provision of the LCA was otherwise unenforceable. ID at 4-8.

The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, the appellant reargues that "the agency notified the appellant that it activated the last chance agreement without providing due process to that new allegation and terminate[d] his employment." *Id.* at 5. The agency has responded to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant reasserts on review that he was not tardy or AWOL on October 5, 2023. PFR File, Tab 1 at 5-8. The agency argues, as it did below, that because the appellant first filed a grievance challenging his removal, the Board does not have jurisdiction to consider his appeal. IAF, Tab 5 at 4; PFR File, Tab 3 at 5. We agree with the agency. Therefore, we vacate the initial decision because we need not reach the issue of whether the appellant nonfrivolously alleged that he complied with the LCA. ID at 4-8.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An adverse action that falls within the Board's jurisdiction and also falls within the coverage of the negotiated grievance procedure may be raised at the Board or under the negotiated grievance procedure, but not both. 5 U.S.C. § 7121(e)(1); *Whitaker v. Merit Systems Protection Board*, 784 F.2d 1109, 1110 (Fed. Cir. 1986); 5 C.F.R. § 1201.3(c)(1)(i). An employee is deemed to have made an election between the two procedures at such time as the employee timely files a Board appeal or timely files a grievance in writing in accordance with the provisions of the parties' negotiated grievance procedure, whichever occurs first. 5 U.S.C. § 7121(e)(1); 5 C.F.R. § 1201.3(c)(2). When an employee files a grievance before appealing the agency action to the Board, the employee is deemed to have exercised his option under 5 U.S.C. § 7121, and he

retains no statutory right to Board review under chapter 75.[2] *Rolon v. Department of Veterans Affairs*, 53 M.S.P.R. 362, 365 (1992).

On July 7, 2023, the appellant, through his union representative, filed a Step III grievance, in which he challenged his removal and asked that his removal be held in abeyance until a decision was reached on the grievance. IAF, Tab 5 at 25. The appellant's Board appeal challenging his removal was not filed until November 9, 2023. IAF, Tab 1. Therefore, the appellant made a binding election to challenge his removal through the negotiated grievance procedures. 5 U.S.C. § 7121(e)(1); 5 C.F.R. § 1201.3(c)(2). This election removed any challenge to the appellant's removal from the Board's jurisdiction. 5 U.S.C. § 7121(e)(1); *Rolon*, 53 M.S.P.R. at 364-66.

The appellant argues that even if his filing of a grievance was an election to challenge his initial July 7, 2023 removal through the negotiated grievance procedures, his October 31, 2023 removal was a new action against him and "[t]he agency notified the appellant that it activated the last chance agreement without providing due process to that new allegation and terminate his employment." PFR File, Tab 1 at 5. Although the Board retains jurisdiction over discrete adverse actions that do not relate back to an earlier filed grievance, that is not the case here. *Rolon*, 53 M.S.P.R at 365-66 (holding that because the suspension that the appellant sought to appeal at the Board was the mitigated penalty that he received pursuant to the final grievance decision on his removal, the Board did not have jurisdiction over his suspension).

---

[2] An employee who first files a grievance, and thus has exercised his option under 5 U.S.C. § 7121, retains a limited right to seek Board review of the final grievance decision if his case involves an allegation of a prohibited personnel practice under 5 U.S.C. § 2302(b)(1). 5 U.S.C. § 7121(d). The appellant has not alleged that his union invoked arbitration on his behalf in connection with his reinstituted removal or that an arbitration decision has been issued. Therefore, there is no arbitration decision over which the board could exercise such jurisdiction. *See Stroud v. Department of Veterans Affairs*, 2022 MSPB 43, ¶ 25 (concluding that the Board lacked jurisdiction to review a final arbitration under 5 U.S.C. § 7121(d) when the appellant did not allege that such a decision was issued).

Here, the appellant's removal directly related back to the grievance process and was therefore not a new agency action. Instead, the agency "decided to enforce the LCA endorsed by [the appellant's] signature on August 8, 2023, and to remove [him] from [his] position . . . effective immediately." *Id.* Because the appellant elected to pursue his grievance remedy, his removal is outside the Board's jurisdiction. *Rolon*, 53 M.S.P.R. 362, 365-66; IAF, Tab 5 at 13-17. We therefore dismiss this appeal for lack of jurisdiction because the appellant elected to proceed through the negotiated grievance process.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420

(2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _____
                                         Gina K. Grippando
                                         Clerk of the Board

Washington, D.C.