Karrie Leigh **HUZENLAUB**, Petitioner,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Respondent.

No. 90–3272 V.

United States Court of Federal Claims.

Jan. 22, 1996.

Sharon Sue McCally, Houston, Texas, for petitioner.

David L. Terzian, with whom were Assistant Attorney General Frank W. Hunger, Helene M. Goldberg, John Lodge Euler and Gerard W. Fisher, Washington, D.C., for respondent.

## OPINION AND ORDER

TURNER, Judge.

Petitioner seeks compensation under the National Vaccine Injury Compensation Program established pursuant to 42 U.S.C. §§ 300aa–10 *et seq.* ("Vaccine Act") for injuries allegedly suffered as a result of diphtheria-pertussis-tetanus (DPT) vaccinations. This opinion addresses petitioner's motion for review of the special master's August 25, 1995 order dismissing her compensation petition for lack of jurisdiction. Although we find that the court has jurisdiction over petitioner's claim, we find that she has failed to state a claim upon which relief can be granted. Thus, although we disagree with the technical legal basis of the special master's decision, we agree with the result. We conclude that the special master's decision to dismiss plaintiff's claim was in accordance with law and, consequently, must be sustained.

### I

Petitioner claims to have suffered "neurological sequelae" after receiving several diphtheria-pertussis-tetanus (DPT) vaccinations between March and May of 1971. On February 27, 1986, petitioner filed a civil action in the District Court of Harris County, Texas, against Dr. Nikolas Tengg, the physician who administered the DPT vaccinations, and against Eli Lilly & Co., the vaccine manufacturer. On May 3, 1990, the state court dismissed the case for want of prosecution. Petitioner appealed this dismissal to the Court of Appeals for the First District of Texas.

On October 1, 1990, while her state court appeal was pending, Huzenlaub filed a petition to recover compensation for her injuries pursuant to the National Vaccine Injury Compensation Program. After filing her petition under the Program, petitioner filed a motion to dismiss her appeal of the state court decision on the grounds that she had elected to seek the federal remedy. Pursuant to this motion, the Court of Appeals for the First District of Texas dismissed petitioner's appeal on November 1, 1990.

The special master based his dismissal of Huzenlaub's petition on the threshold requirement contained in 42 U.S.C. § 300aa–11(a)(5) which prohibits individuals who had civil suits pending on the effective date of the Vaccine Act from petitioning for compensation under the Program if they have already received judgment in their civil suit.[1] Huz-

---

1. Title 42 U.S.C. § 300aa–11(a)(5) provides:
   (A) A plaintiff who ... [on October 1, 1988] has pending a civil action for damages for a vaccine-related injury or death may, at any time within 2 years after ... [October 1, 1988] or before judgment, whichever occurs first, petition to have such action dismissed without prejudice or costs and file a petition ... for such injury or death.

enlaub filed her petition on October 1, 1990, five months after her case in state court was dismissed with prejudice for want of prosecution.

## II

We review the factual determinations of a special master under the arbitrary and capricious standard and the legal determinations under the "not in accordance with law" standard. *Munn v. Secretary of HHS*, 970 F.2d 863 (Fed.Cir.1992); 42 U.S.C. § 300aa–12(e). Pursuant to section 300aa–12(e), petitioner asks the court to set aside the special master's conclusions of law as not in accordance with law. There are no factual disputes for resolution at this juncture.

## III

In her Memorandum of Objections, petitioner contends that the special master erred in applying section 11(a)(5) to her petition. Petitioner claims that section 11(a)(5) should not be applied to her case because she asserted jurisdiction under section 11(a)(4) which provides:

> If in a civil action brought against a vaccine administrator or manufacturer before ... [October 1, 1988] damages were denied for a vaccine-related injury or death or if such civil action was dismissed with prejudice, the person who brought such action may file a petition [pursuant to the Program].

42 U.S.C. § 300aa–11(a)(4). It is petitioner's contention that the special master had jurisdiction over her petition pursuant to section 11(a)(4) and that the only requirements of that section are that a civil action be brought before October 1, 1988, and that the action be dismissed with prejudice. Petitioner claims that her civil suit, brought on February 27, 1986, and dismissed with prejudice on November 1, 1990, is in accord with section 11(a)(4).

Upon review of the special master's August 25, 1995 decision, we conclude that the determination that section 11(a)(5), and not section 11(a)(4), applies to petitioner's situation was in full accordance with the law. We further agree with the special master's conclusion that because petitioner's claim failed to meet the gatekeeping requirements of section 11(a)(5), her petition must be dismissed.

## IV

At issue in this case are two of the subsections of section 42 U.S.C. § 300aa–11 that contain the threshold prerequisites for filing a petition under the Vaccine Act. It is true, as petitioner contends, that the language of the gatekeeping provisions is not crystal clear. Standing alone, the language of section 11(a)(4) may even support petitioner's interpretation. However, as noted by the Federal Circuit in *Amendola v. Secretary of HHS*, 989 F.2d 1180, 1182 (Fed.Cir.1993), the Vaccine Act is complex and "the meaning of any particular phrase or provision [of the Act] cannot be securely known simply by taking the words out of context and treating them as self-evident." Instead, we must look at the legislation as a whole and construe the provisions together.

Petitioner's claim that section 11(a)(4) permits relief ignores both existing case law and the purposes behind the Vaccine Act as articulated in the legislative history of the Act.

■ The special master's interpretation of the applicable sections of the Vaccine Act is consistent with existing precedent. In *Amendola*, the Federal Circuit refused to apply section 11(a)(4) where the petitioner had a civil suit pending on the effective date of the Act. The *Amendola* court ruled on precisely the same legal issue before us in this case: "[W]hen looked at as a whole, the special relief provided by subsection (a)(4) is intended to be limited to cases which were brought *and concluded* before the Act became effective." *Id.* at 1185 (emphasis in original).

In *Flowers v. Secretary of HHS*, 49 F.3d 1558 (Fed.Cir.1995), the Federal Circuit reviewed the legislative history of the Vaccine Act and its various amendments and came to the same result reached by the *Amendola* court, interpreting section 300aa–11(a)(4) as applying only to "persons with pre-Act inju-

(B) If a plaintiff has pending a civil action for damages for a vaccine-related injury or death,

such person may not file a petition ... for such injury or death.

ries whose civil actions terminated prior to [October 1, 1988]." *Id.* at 1561.

In the instant case, petitioner's civil action against Dr. Tengg and Eli Lilly & Co. was still pending in the state court in Harris County on October 1, 1988. Thus, when the Act became effective, section 11(a)(4) did not apply to petitioner.

■ We agree with the special master's conclusion that under section 11(a)(5) petitioner was barred from filing a petition for compensation under the Program. Section 11(a)(5)(A) prohibits petitions under the Program when a claimant has received an adverse judgment in a state court action pending after October 1, 1988 based on the same facts. Section 11(a)(5)(B) bars petitions under the Program when a claimant has a simultaneously pending civil suit.

The legislative history of section 300aa–11(a) further undermines petitioner's claim that she should be allowed to petition for compensation under the Program in spite of her simultaneous civil action. The original language of section 300aa–11(a)(5)(B) was modified slightly in 1989. The intent behind the 1989 Amendments was articulated in a House Report and commented on by the Federal Circuit in *Flowers:*

> Congress sought to end situations in which Vaccine Act petitioners with civil actions pending on October 1, 1988 allowed their cases to lie dormant during the federal compensation proceedings while perfecting their elections to withdraw. [The Act] ... was amended to make an affirmative petition for dismissal of a copending civil action a prerequisite to pursuit of compensation under the Vaccine Act. In addition, Congress amended [the Act] ... to "clarif[y] that a plaintiff in such an action whose action is still pending may not enter the compensation system."

*Flowers* at 1561 (*citing* H.R.Rep. No. 247, 101st Cong., 1st Sess. 511 (1989), *reprinted in* 1989 U.S.C.C.A.N. 1906, 2237).

To remove this bar, petitioner would have had to petition to have her civil action dismissed without prejudice in accordance with section 300aa–11(a)(5)(A). However, rather than petition to have her civil action dis-missed, petitioner simply permitted it to languish on the docket of a state trial court where it was eventually dismissed with prejudice for failure to prosecute. Petitioner then pursued an appeal from the judgment dismissing her suit.

It is clear that under existing precedent, dismissal of a case based on plaintiff's failure to prosecute does not qualify as petitioning for dismissal without prejudice under section 11(a)(5)(A). In *Matos v. Secretary of HHS*, 35 F.3d 1549 (Fed.Cir.1994), the Federal Circuit held that where a Vaccine Act petitioner had received a default summary judgment against him in a vaccine-related state court action, his failure to request dismissal of the state court action, within two years of the Act's effective date and prior to judgment, resulted in bar of his suit under section 300aa–11(a)(5).

Similarly in *Hood v. Secretary of Health & Human Services*, 34 Fed.Cl. 175 (1995), this court denied petitioner's argument that his vaccine-related civil suit was not still pending because he had failed to serve the defendant with a copy of the complaint within the statutory period. Rejecting this claim, the court held:

> [T]o satisfy Section 11(a)(5)[,] it is not enough that a plaintiff not pursue, or seek to suspend, a pending civil action. Until a court dismisses or enters judgment on a complaint, an action is not yet completed and awaits further action, and hence, is still pending.

*Id.* at 181.

For petitioner to state a claim upon which we could grant relief under the Vaccine Act, she would have had to petition for dismissal of her civil suit without prejudice prior to October 1, 1990, and before judgment. Petitioner did not comply with these requirements. Instead of petitioning to have her state court action dismissed, she allowed the action to proceed to dismissal for want of prosecution. Involuntary dismissal of a claim for failure to prosecute "operates as an adjudication upon the merits." RCFC 41(b). Thus, the state court's involuntary dismissal of petitioner's claim acted as judgment against her and under section 300aa–11(a)(5)(A) bars her claim.

Petitioner's subsequent appeal of the dismissal of her state court action simply acts to bar her claim further. Under section 300aa–11(a)(5)(B), a petition cannot be brought under the Vaccine Act while a state court action on the same matter is pending. Huzenlaub did petition for voluntary dismissal of her appeal, but the appeal was not voluntarily dismissed until November 1, 1990. It was still pending on October 1, 1990, when she filed for compensation under the Program. Thus, petitioner's claim for compensation under the Vaccine Act is doubly barred.

The special master was correct in his determination that section 11(a)(4) does not apply to petitioner's claim and that petitioner's claim is barred because she did not meet the statutory prerequisites laid out in section 11(a)(5).

## V

Finally, petitioner makes a plea for relief based on equitable considerations. She argues that this court should follow her interpretation of sections 300aa–11(a)(4) and 11(a)(5) because to do otherwise would lead to a result that "could not be more unjust." Petitioner contends that "[i]t could not have been the purpose of Congress to induce truly injured children to give up their right to redress in reliance on statutory language."

We are sympathetic to petitioner's plight, and we agree that Congress' purpose in creating the Vaccine Act's compensation regime was not to induce would-be petitioners to give up their rights to redress. However, we also believe that it was Congress' intent that the Act create an alternative to compensation through civil actions and that the Vaccine Act was designed to create a compensation scheme that would operate efficiently. Pursuant to these goals, Congress designed the Act to require a claimant to choose her forum, prohibiting simultaneous pursuit of a civil action and a Vaccine Act petition.

Furthermore, statutory threshold prerequisites are defined by Congress and not by the courts. Thus we do not have the authority to resolve petitioner's case by weighing the equities. *Beck v. Secretary of HHS*, 924 F.2d 1029, 1036 (Fed.Cir.1991). There is

always a risk that, as applied to a specific situation, threshold prerequisites will be inequitable. *Hood*, 34 Fed.Cl. at 181. Where, as here, the statutory threshold prerequisites are clear and petitioner fails to meet them, we have no choice but to dismiss the action.

## VI

For the reasons set forth above, the order of the special master filed August 25, 1995 dismissing the petition is affirmed. Judgment shall be entered accordingly.