# United States Court of Appeals
# for the Federal Circuit

---

**BRET KREIZENBECK AND SANDRA KREIZENBECK, AS LEGAL REPRESENTATIVES OF A MINOR CHILD, C.J.K.,**
*Petitioners-Appellants*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2019-1423

---

Appeal from the United States Court of Federal Claims in No. 1:08-vv-00209-RHH, Senior Judge Robert H. Hodges, Jr.

---

Decided: January 6, 2020

---

RICHARD GAGE, Richard Gage, PC, Cheyenne, WY, argued for petitioners-appellants.

JULIA COLLISON, Vaccine/Torts Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JOSEPH H. HUNT, ALEXIS B. BABCOCK, C. SALVATORE D'ALESSIO, CATHARINE E. REEVES.

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges.*

REYNA, *Circuit Judge.*

Bret and Sandra Kreizenbeck appeal a decision of the U.S. Court of Federal Claims that affirmed a special master's decision denying the Kreizenbecks compensation under the National Vaccine Injury Act. On appeal, the Kreizenbecks raise a single procedural issue: whether the special master abused his discretion by resolving their case through a ruling on the record, without conducting an evidentiary hearing and without the Kreizenbecks' consent. Because we find no abuse of discretion, we affirm.

## BACKGROUND

On March 26, 2008, Bret and Sandra Kreizenbeck filed a petition on behalf of their minor son, C.J.K., for compensation under the National Vaccine Injury Act, 42 U.S.C. § 300aa-1–34 ("the Vaccine Act"). After raising several different causation theories in an amended petition and other filings, the Kreizenbecks ultimately alleged that vaccinations administered to C.J.K. in 2005 aggravated an underlying mitochondrial disorder and caused C.J.K. to suffer immune system dysfunction and other medical problems. The Secretary of Health and Human Services ("the Secretary") contested the Kreizenbecks' claims. A Special Master presided over the case.

In support of their petition, the Kreizenbecks submitted considerable evidence, including more than 1,500 pages of medical records, medical literature, an affidavit from Mrs. Kreizenbeck, and reports from three medical experts. In response, the Secretary submitted reports from three medical and scientific experts. After the Special Master scheduled an entitlement hearing, both parties filed prehearing briefs, and the Secretary moved to dismiss the case on the record.

The Special Master held a status conference on October 4, 2017, to determine whether a ruling on the record was appropriate. After reviewing the record evidence and the parties' briefing, the Special Master determined that "a ruling on the papers was preferable to a hearing as the most efficient means for resolving the case." J.A. 29. The Special Master also expressed "serious misgivings about the claims' substantive validity," and explained that if the parties proceeded to a hearing, he was unlikely to compensate the Kreizenbecks for the associated costs. J.A. 29. The Kreizenbecks chose to "forgo their hearing" after determining that they would be unable to absorb those costs. J.A. 124. Nonetheless, they expressly objected to a ruling on the record. *Id.*

The Special Master allowed the parties to submit a final brief in support of their position. After reviewing each party's final briefing, the Special Master determined that the matter was "ripe for resolution" because "nothing in the record and expert reports offered in this case suggests that this matter's outcome would be any different after a hearing." J.A. 25, 55.

In a thorough, 50-page opinion, the Special Master concluded that the Kreizenbecks failed to establish entitlement to compensation. He found no evidence supporting the claims that C.J.K. had an underlying mitochondrial dysfunction or that C.J.K. was injured from a vaccine. He found the Secretary's mitochondrial expert "reliable and persuasive," and found the Kreizenbecks' medical expert reports "self-evidently conclusory or unsubstantiated." J.A. 54. He also found the "short affidavit" from Mrs. Kreizenbeck uncorroborated and inconsistent with the medical records. J.A. 54–55. As a result, he entered a ruling on the record dismissing the case.

The Kreizenbecks sought review at the U.S. Court of Federal Claims ("Claims Court"). The Kreizenbecks did not dispute the substance of the Special Master's decision.

Instead, they challenged only his decision to dismiss their petition on the written record. The Claims Court affirmed the Special Master's decision, citing the "wide discretion" afforded to special masters when determining whether to hold an evidentiary hearing. J.A. 4–5. The Claims Court found that the Special Master "gave [the Kreizenbecks] ample opportunity to support their claims with written evidence and briefs." J.A. 4. The Court also found that the parties had submitted "a plethora of information." *Id.* The Claims Court concluded that the Special Master's opinion "provides ample reasoning to support dismissal of [the Kreizenbecks'] claims." *Id.*

The Kreizenbecks timely appealed. We have jurisdiction under 42 U.S.C. § 300aa-12(f).

DISCUSSION

The Kreizenbecks raise a single, procedural challenge on appeal: whether the Special Master erred by ruling on the record without the Kreizenbecks' consent. We review a special master's decision to hold an evidentiary hearing for an abuse of discretion. *See Oliver v. Sec'y of Dep't of Health & Human Servs.*, 900 F.3d 1357, 1364 n.6 (Fed. Cir. 2018) (citing 42 U.S.C. § 300aa-12); *Munn v. Sec'y of Dep't of Health & Human Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992). We review the Claims Court's statutory interpretations de novo. *Flowers v. Sec'y of Dep't of Health & Human Servs.*, 49 F.3d 1558, 1559 (Fed. Cir. 1995).

Congress enacted the Vaccine Act in 1986. The Vaccine Act created the National Vaccine Injury Compensation Program (the "Vaccine Program") through which parties can petition to receive compensation for vaccine-related injuries or death. *See* 42 U.S.C. § 300aa-10(a). Subsection 12(d) of the Vaccine Act describes the role of special masters in deciding Vaccine Program petitions. Of particular relevance here, Subsection 12(d)(2) directs the Claims Court to promulgate rules governing Vaccine Program cases before special masters, including rules that:

> (A) provide for a less-adversarial, expeditious, and informal proceeding for the resolution of petitions,
>
> . . .
>
> (C) include the opportunity for summary judgment, and
>
> (D) include the opportunity for parties to submit arguments and evidence on the record without requiring routine use of oral presentations, cross examinations, or hearings . . . .

42 U.S.C. § 300aa-12(d)(2)(A), (C)–(D). In accordance with these provisions, the Claims Court promulgated Vaccine Rule 8(d), which provides:

> The special master may decide a case on the basis of written submissions without conducting an evidentiary hearing. Submissions may include a motion for summary judgment, in which event the procedures set forth in RCFC 56 will apply.

Rules of the U.S. Court of Federal Claims, Appendix B, Vaccine Rule 8(d) ("Vaccine Rule 8(d)").

The Kreizenbecks argue that 42 U.S.C. § 300aa-12(d) and Vaccine Rule 8(d) provide special masters with only three procedural avenues to resolve a Vaccine Program case: (i) conduct an evidentiary hearing; (ii) resolve the case through summary judgment; or (iii) rule on the record, but only if both parties consent. In other words, once a party objects to a ruling on the record, the Kreizenbecks contend that a special master must either hold an evidentiary hearing or resolve the case through summary judgment. Here, the Kreizenbecks argue that the Special Master erred by ruling on the record over their objection:

> Once Appellants objected to a ruling on the record, the appropriate procedure should have been to

apply the summary judgment standards to the record evidence and if a resolution could not be reached using that appropriate standard, for the special master to order an evidentiary hearing to take the necessary evidence to resolve the case. The special master did not, however, grant Appellants the procedural protections of the summary judgment standards, which would require inferring the facts in the light most favorable to the [Kreizenbecks].

Appellant Br. 9–10.  We disagree.

Special masters have wide discretion in determining whether to conduct an evidentiary hearing.  42 U.S.C. § 300aa-12(d)(3)(B)(v) (providing that a special master "*may* conduct such hearings as *may* be reasonable and necessary" (emphasis added)); Vaccine Rule 8(d) (permitting special masters to "decide a case on the basis of written submissions without conducting an evidentiary hearing"); *Oliver*, 900 F.3d at 1364 n.6.

While the Kreizenbecks concede that special masters have discretion to forgo an evidentiary hearing in some cases, they argue that a special master cannot rule on the record without the consent of both parties.  Appellant Br. 16, 19.  For support, the Kreizenbecks point to Congress's use of the word "parties" in § 300aa-12(d)(2)(D). They contend:

The plural is important.  It does not provide for one party to request a ruling on the record over the objection of the other party.  It simply allows for a procedure in the instance where both "parties" agree that the record is complete and comprehensive enough to allow for a ruling on the record.

Appellant Br. 16.  We are unpersuaded.

Nothing in the language of § 300aa-12(d)(2)(D) or elsewhere in the Vaccine Act suggests a consent-based

limitation on a special master's authority to rule on the record. To the contrary, the provision merely requires a process that includes an "opportunity for parties to submit arguments and evidence on the record . . . ." 42 U.S.C. § 300aa-12(d)(2)(D). The Kreizenbecks do not dispute the Claims Court's finding that the Special Master "gave [the Kreizenbecks] ample opportunity to support their claims with written evidence and briefs." J.A. 4.

The Kreizenbecks also argue that the summary judgment provisions of § 300aa-12(d)(2)(C) and Vaccine Rule 8(d) are rendered meaningless unless we require both parties' consent to a ruling on the record. We disagree. Subsection 12(d)(2)(C) merely requires the Claims Court to promulgate rules that "include the opportunity for summary judgment." A party may seek summary judgment when, for example, they believe at an early stage of the proceedings that no material facts are in dispute and they will prevail as a matter of law. *See Simanski v. Sec'y of Health & Human Servs.*, 671 F.3d 1368, 1385 (Fed. Cir. 2012). Likewise, Vaccine Rule 8(d) provides that a "special master may decide a case on the basis of written submissions without conducting an evidentiary hearing," and those "[s]ubmissions *may include* a motion for summary judgment" (emphasis added). In other words, Rule 8(d) contemplates that special masters can decide cases on written submissions *other* than motions for summary judgment. *Id.*

We also reject the argument that the Special Master violated the Kreizenbecks' due process rights by evaluating the credibility of their experts and Mrs. Kreizenbeck without live testimony or cross-examination. This argument contradicts the express language of the Vaccine Act. 42 U.S.C. § 300aa-12(d)(2)(D) (requiring rules that allow parties to submit evidence and arguments "without requiring routine use of oral presentations, cross examinations, or hearings"); § 300aa-12(d)(3)(B) ("a special master . . . *may* require the testimony of any person"). The argument also contradicts the Kreizenbecks' own cited case law. *E.g.*,

*Hale v. Sec'y of Dep't of Health & Human Servs.*, 22 Cl. Ct. 403, 209 (Fed. Cl. 1991) ("There is no requirement that oral testimony be taken to resolve differences in scientific or expert opinion. Opportunity for confrontation or cross examination is not required.").

While we reject the Kreizenbecks' consent-based argument, we note that the special master's discretion to rule on the record is not without limitation. The Vaccine Act requires special masters to determine whether hearings or witness testimony are reasonable and necessary. 42 U.S.C. § 300aa-12(d)(3)(B). Special masters must "afford[] each party a full and fair opportunity to present its case and creat[e] a record sufficient to allow review of the special master's decision." Vaccine Rule 3(b)(2). As a result, special masters must determine that the record is comprehensive and fully developed before ruling on the record. *Simanski*, 671 F.3d at 1385 (finding due process violation where special master ruled on the record at "an early procedural stage" before respondent had "present[ed] its position with respect to the petition and the supporting evidence"); *Jay v. Sec'y of Dep't of Health & Human Servs.*, 998 F.2d 979, 983 (Fed. Cir. 1993). We conclude that the Special Master satisfied these requirements here.

CONCLUSION

We have considered the Kreizenbecks' other arguments and find them unpersuasive. We conclude that the Special Master did not abuse his discretion by resolving this case on the record. We affirm.

**AFFIRMED**

COSTS

No costs.