NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JONATHAN R. HIRSCH,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2021-2163

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00236-RAH, Judge Richard A. Hertling.

---

Decided: August 9, 2022

---

THOMAS ANDREW COULTER, Norton Rose Fulbright US LLP, Washington, DC, argued for plaintiff-appellant.

RICHARD PAUL SCHROEDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE; NICHOLAS MORJAL, Litigation Division, United States Army Legal Services Agency, Fort Belvoir, VA.

---

Before MOORE, *Chief Judge*, LOURIE and STARK, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Lieutenant Colonel ("LTC") Jonathan R. Hirsch began serving in the United States Army in 1988. While serving in the Army, LTC Hirsch attended law school. In 2016, the Army removed LTC Hirsch from active status. According to the Army, he had served for 28 years, the maximum allowed for lieutenant colonels under 10 U.S.C. § 14507(a) (absent certain exceptions not applicable here). Because LTC Hirsch disagreed with the Army's calculation of 28 years, he filed a complaint in the United States Court of Federal Claims ("the Claims Court"). In his complaint, he argued that the Army should have excluded the service that he performed concurrently with law school. In support of his argument, LTC Hirsch pointed to 10 U.S.C. § 14706, which provides that certain periods of service are excluded from the Army's 28-year calculation. The Claims Court denied LTC Hirsch's claim based on its construction of § 14706. *Hirsch v. United States*, No. 19-236C, 153 Fed. Cl. 345 (2021) ("*Decision*"). Because the Claims Court erred in construing § 14706, we *reverse* its decision and *remand* for further proceedings consistent with this opinion.

## BACKGROUND

This appeal concerns the Army's removal of LTC Hirsch from active status. We begin with a brief overview of the statutory framework governing his removal.

## I

Under 10 U.S.C. § 14507(a), an Army reserve officer who holds the grade of lieutenant colonel and is not recommended for promotion, "shall . . . be removed from [the

reserve active-status list]" after "complet[ing] 28 years of commissioned service."[1]

When calculating an officer's removal date, however, the Army need not include every year of service.[2] For example, 10 U.S.C. § 14706(a)(3) provides a general rule excluding the service that an officer performed while attending an advanced education program (provided that the officer satisfies other relevant requirements, discussed further below). It reads as follows:

> [A] Reserve officer's years of service include all service of the officer as a commissioned officer . . . other than the following: . . . Service after appointment as a commissioned officer of a reserve component *while in a program of advanced education to obtain the first professional degree* required for appointment, designation, or assignment to a professional specialty, *but only if that service occurs before the officer commences initial service on active duty or initial service in the Ready Reserve in the specialty that results from such a degree.*

§ 14706(a)(3) (emphases added).

A separate subsection of the statute limits the scope of the exclusion in § 14706(a)(3). Specifically, 10 U.S.C. § 14706(b) provides that:

> The exclusion under subsection (a)(3) *does not apply to service performed by an officer who previously served* on active duty or participated as a member of the Ready Reserve in other than a student status

---

[1]    The statute also encompasses certain reserve officers in the Navy, Air Force, and Marine Corps.

[2]    The parties also refer to "mandatory removal" as "mandatory retirement."

*for the period of service preceding the member's service in a student status.*

§ 14706(b) (emphases added).  With this background in mind, we now turn to LTC Hirsch's Army service.

II

From August 1984 to May 1988, LTC Hirsch was enrolled in the Reserve Officers' Training Corps ("ROTC") at Georgetown University. *Decision*, 153 Fed. Cl. at 348.  On May 27, 1988, he was commissioned as an officer in the United States Army Reserve. *Id.*  From May 1988 to September 1992, he served as a Transportation Officer in various military statuses, including the Individual Ready Reserve and active duty. *Id.*

From September 1992 to May 1995, LTC Hirsch attended law school at the Louisiana State University Paul M. Hebert Law Center. *Id.*  He did not attend law school under orders from the military. *Id.*  Importantly, while attending law school, LTC Hirsch continued to serve as a reserve officer. *Id.*  From September 1995 to May 2016, LTC Hirsch served in the Judge Advocate General's ("JAG") Corps. *Id.*

On June 1, 2016, 28 years after the Army commissioned LTC Hirsch as an officer, it removed him from active status. *Id.* at 347.  When calculating his removal date, the Army included the (approximately) three years that he served as a reserve officer during law school from 1992 to 1995. *Id.* at 348.  LTC Hirsch disagreed with the Army's calculation and petitioned the Army Board for Correction of Military Records ("the Board"). *Id.*  According to LTC Hirsch, the Army should have excluded those years of service pursuant to § 14706(a)(3). J.A. 140.  In particular, he pointed to § 14706(a)(3)'s language that an officer's service "while in a program of advanced education" is excluded.  Accordingly, LTC Hirsch requested that the Army

adjust his mandatory removal date from June 1, 2016 to June 1, 2019. *Decision*, 153 Fed. Cl. at 348.

The Board denied LTC Hirsch's petition in view of its construction of § 14706(a)(3).[3] *Id.* The Board acknowledged § 14706(a)(3)'s language that an officer is entitled to exclude "service . . . while in a program of advanced education." J.A. 144, 146–47. It explained, however, that LTC Hirsch failed to address the sentence's final clause: "but only if that service occurs before . . . initial service. . . in the specialty that results from such a degree." *Id.* In the Board's view, that clause requires an officer's "*initial* service" to be in a specialty that results from the advanced degree. *Id.* (emphasis added). Accordingly, because LTC Hirsch's initial service was in the Transportation Corps, which was not a specialty that resulted from his law degree, the Board denied his claim. *Id.*; J.A. 149. The Board also addressed § 14706(b), interpreting it to mean that the exclusion[4] does not apply to an officer's service preceding enrollment in advanced education. J.A. 146.

Following the Board's denial, LTC Hirsch filed a complaint in the Claims Court. In his complaint, he again argued that he was entitled to the exclusion in § 14706(a)(3). *Decision*, 153 Fed. Cl. at 350. Both LTC Hirsch and the government filed motions for judgment on the administrative record. *Id.* at 349.

The Claims Court granted judgment in favor of the government. *Id.* at 357. The court first observed that § 14706(a)(3) provides a general rule excluding the service

---

[3] The Claims Court previously remanded LTC Hirsch's appeal to the Board twice regarding matters not relevant to this appeal. *Decision*, 153 Fed. Cl. at 348–49.

[4] "The exclusion" refers to the exclusion in § 14706(a)(3).

that an officer performed while enrolled in advanced education. *Id.* at 350. It further acknowledged that both parties offered differing interpretations of § 14706(a)(3)'s scope. *Id.* The court, however, declined to construe § 14706(a)(3); in its view, a separate subsection of the statute barred LTC Hirsch's service from being excluded—§ 14706(b). *Id.* at 352.

In particular, the Claims Court focused on § 14706(b)'s language that "the exclusion under [§ 14706(a)(3)] does not apply to service performed by an officer who previously served [on active duty or in the Ready Reserve] . . . for the period of service preceding the member's service in a student status." § 14706(b); *Decision*, 153 Fed. Cl. at 354–55. In the court's view, § 14706(b) provides that the exclusion does not apply to an officer who served (on active duty or in the Ready Reserve in other than a student status) before enrolling in advanced education. *Decision*, 153 Fed. Cl. at 353–54. The court specifically observed that:

> Subsection (b) contains no punctuation indicating a break. It first provides that the provision limits the exclusion found in subsection (a)(3): "The exclusion under subsection (a)(3) does not apply to service performed by an officer . . . ." 10 U.S.C. § 14706(b). What follows is a single restrictive relative clause modifying the noun "officer" and defining which officers cannot exclude their service under subsection (a)(3): those "who previously served on active duty or participated as a member of the Ready Reserve in other than a student status for the period of service preceding the member's service in a student status."

*Id.* at 354.

Because LTC Hirsch served as a Transportation Officer before attending law school, the court determined that he was not entitled to have his service during law school

excluded. *Id.* at 357.[5]  Accordingly, it concluded that the Army correctly calculated LTC Hirsch's mandatory removal date and granted the government's motion for judgment on the administrative record. *Id.* LTC Hirsch moved for reconsideration. The court denied his motion. *Hirsch v. United States*, 154 Fed. Cl. 24 (2021). LTC Hirsch appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

This court reviews a decision of the Claims Court "granting or denying a motion for judgment on the administrative record de novo, applying the same standard of review as the [Claims Court]." *Prestonback v. United States*, 965 F.3d 1363, 1368 (Fed. Cir. 2020) (citing *Palantir USG, Inc. v. United States*, 904 F.3d 980, 989 (Fed. Cir. 2018)). "Accordingly, we will not disturb the decision of the Board unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Id.* (citing *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005)).

We review the Claims Court's interpretation of a statute de novo. *Flowers v. Sec'y of Dep't of Health & Human Servs.*, 49 F.3d 1558, 1559–60 (Fed. Cir. 1995) (citing *Matos v. Sec'y of Dep't of Health & Human Servs.*, 35 F.3d 1549, 1552 (Fed. Cir. 1994)). "[A]ll statutory construction cases . . . begin with the language of the statute." *Momenta Pharms., Inc. v. Amphastar Pharms., Inc.*, 686 F.3d 1348, 1353–54 (Fed. Cir. 2012) (quoting *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) (alterations in original)). We first "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Id.* (quoting *Robinson v. Shell Oil Co.*,

---

[5]    The Claims Court recognized that its interpretation of § 14706(b) differed from the Board's interpretation. *Decision*, 153 Fed. Cl. at 353.

519 U.S. 337, 340 (1997)). "Whether the text of a statute is plain or ambiguous 'is determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole.'" *Id.* at 1354 (quoting *Robinson*, 519 U.S. at 341). Our "inquiry ceases 'if the statutory language is unambiguous and the statutory scheme is coherent and consistent.'" *Barnhart*, 534 U.S. at 450 (quoting *Robinson*, 519 U.S. at 340).

The parties' dispute centers on the construction of § 14706(a)(3) and (b). To prevail, LTC Hirsch must establish that he is entitled to the exclusion in § 14706(a)(3) and not barred from that exclusion by § 14706(b). Accordingly, we address each subsection in turn.

I

As in any case involving statutory interpretation, we begin with the language of the statute itself. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). Under § 14706(a)(3), for an officer's service to qualify for the exclusion, it must have occurred: (1) "after [the officer's] appointment as a commissioned officer of a reserve component," (2) "while [the officer was] in a program of advanced education to obtain the first professional degree required for appointment, designation, or assignment to a professional specialty," and (3) "before the officer commences initial service on active duty or initial service in the Ready Reserve in the specialty that results from such a degree."

Both parties agree that LTC Hirsch's service during law school from 1992 to 1995 satisfies the first two clauses of § 14706(a)(3) because it occurred (1) after he was appointed as a commissioned officer and (2) while he was in an advanced education program—law school. Accordingly, they focus on the subsection's third clause: "before the officer commences initial service . . . in the specialty that results from such a degree." § 14706(a)(3).

The government proposes a broad interpretation of the third clause.  According to the government, to benefit from the exclusion in § 14706(a)(3), an officer's "*initial* service" must be "in the specialty that results from the advanced degree."  Appellee's Br. 36 (emphasis added).  Thus, because LTC Hirsch initially served in the Transportation Corps (not a specialty resulting from his law degree), the government argues that he is ineligible for the exclusion.

LTC Hirsch responds that the government's construction contradicts the plain language of the statute.  Specifically, he argues that the government reads the word "initial service" in isolation, without accounting for the final clause—"in the specialty that results from such a degree."  Appellant's Br. 32.  Thus, according to LTC Hirsch, his "initial service" in the Transportation Corps is irrelevant; that service did not "result[]" from his law degree.  *Id.* at 36.

We agree with LTC Hirsch that the government's construction contradicts the statute's plain language.  Here, "the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Barnhart*, 534 U.S. at 450 (quoting *Robinson*, 519 U.S. at 340).  It provides, in relevant part, that to obtain the exclusion, a specific sequence of events must occur: an officer must serve while obtaining a degree from a "program of advanced education" and only then "initially serve" in "the specialty that results from" that degree.  LTC Hirsch satisfied those requirements.  He served in the Army while attending law school and only then initially served in a specialty resulting from his law degree, i.e., the JAG Corps.

The government's alternative construction is unsupported by the plain language of the statute.  The government places much weight on the word "initial," emphasizing that an officer's "initial" service must be in the "specialty resulting from the advanced degree."  But the government reads the word "initial" in isolation,

ignoring the following clause: "*in the specialty that results from such a degree.*" § 14706(a)(3).  That clause serves an important purpose:  it qualifies the type of "initial service" that is relevant, namely, service in the specialty resulting from the advanced degree.  In effect, the government urges us to read that clause out of the statute entirely.  We decline to do so.  *See Hellebrand v. Sec'y of Dep't of Health & Hum. Servs.*, 999 F.2d 1565, 1571 (Fed. Cir. 1993) ("A statute is to be construed in a way which gives meaning and effect to all of its parts." (citing *United States v. Nordic Village, Inc.*, 50 U.S. 30, 35–36 (1992))).  Accordingly, for purposes of our analysis here, it is immaterial that LTC Hirsch "initially served" in the Transportation Corps before attending law school; that service was not in a specialty resulting from his law degree.

The government also insists that LTC Hirsch's construction "would render the word '[initial]' insignificant, if not wholly superfluous."  Appellee's Br. 36.  It argues that LTC Hirsch's construction does not give effect "to every clause and word of a statute."  *Id.* (quoting *United States v. Menasche*, 348 U.S. 528, 538–39 (1955)).

We disagree with the government's argument.  As is clear from the context of § 14706(a)(3) and the surrounding language, the word "initial" refers to the officer's first employment in the "specialty that results from" the advanced degree.  Here, that would mean LTC Hirsch's *initial* service in the JAG Corps.

Accordingly, we conclude that LTC Hirsch is eligible for the exclusion in § 14706(a)(3).  Because the government argues that LTC Hirsch is independently barred from the exclusion under § 14706(b), we address that subsection next.

## II

Section 14706(b) provides that:

The exclusion under subsection (a)(3) does not apply to *service performed by an officer who previously*

*served* on active duty or participated as a member of the Ready Reserve in other than a student status *for the period of service preceding the member's service in a student status.*

§ 14706(b) (emphases added).

The government reads § 14706(b) to bar a particular category of officers from the exclusion, namely, officers who previously served (on active duty or in the Ready Reserve) before enrolling in advanced education. In support of its construction, the government largely repeats the Claims Court's analysis, explaining that § 14706(b) contains a "restrictive relative clause" defining which category of officers are ineligible for the exclusion: those "who previously served . . . for the period of service preceding the member's service in a student status." Appellee's Br. 26 (quoting *Decision*, 153 Fed. Cl. at 354). Accordingly, because LTC Hirsch previously served in the Transportation Corps prior to attending law school, the government contends that he is ineligible for the exclusion.

LTC Hirsch responds that the Army misconstrues § 14706(b). According to LTC Hirsch, § 14706(b) does not bar a particular "category of officers" from invoking the exclusion. Appellant's Rep. Br. 18–19. Rather, it bars a particular "category of service," namely, "the period of service preceding the member's service in a student status." § 14706(b). In other words, under LTC Hirsch's construction, the exclusion does not apply to an officer's service *before* the advanced education program.[6] Here, that would mean the period that LTC Hirsch spent as a Transportation Officer before law school, from 1988 to 1992.

---

[6] LTC Hirsch does not dispute that those four years should count toward his total years of service. Rather, he contends that the years of service during law school should be excluded.

We agree with LTC Hirsch's construction of § 14706(b). Under the plain and natural reading of the statute, § 14706(b) provides that the exclusion does not apply to an officer's service before the advanced education program. Specifically, § 14706(b) first provides that the exclusion does not apply to a specific period of service, namely, "service performed by an officer who previously served . . . ." It then clarifies *which* period of service: that which "preced[es] the member's service in a student status." § 14706(b).

The government's construction, on the other hand, is inconsistent with the plain language of the statute. Contrary to the government's argument, § 14706(b) does not bar a particular category of officers from invoking the exclusion. If that were the case, the statute would state that the exclusion does not apply to "an officer who previously served . . . ." There would be no reason for it to specify that the exclusion does not apply to "*service performed by* an officer who previously served . . . ." *See id.* (emphasis added).

Similarly, the government's construction would also render the last clause of § 14706(b)—"for the period of service preceding the member's service in a student status"—superfluous. *Id.* More specifically, if, as the government contends, the statute bars an officer who "previously served" before enrolling in advanced education, then it would have stated so. There would be no need for it to further provide "for the period of service preceding the member's service in a student status." *Id.* Indeed, the Claims Court itself acknowledged that, under the government's construction, the final clause "could be deleted without changing the meaning because the provision already uses the word 'previously.'" *Decision*, 153 Fed. Cl. at 355. It similarly explained that the government's construction was "not ideal, because it produces repetitive meaning

within the provision."[7]  *Id.*  We agree with the court's observations.

The government makes several additional arguments, all unpersuasive.  First, the government argues that the "legislative history of 10 U.S.C. § 14706 precludes LTC Hirsch from the exclusion." Appellee's Br. 47–48 (capitalization modified).  Specifically, the government points to earlier versions of the statute that omitted the final clause, "for the period of service preceding the member's service in a student status." *See* H.R. 1401 at 39, 106th Cong. § 514 (1999); S. 1059 at 135–36, 106th Cong. § 519 (1999).[8]  According to the government, those earlier versions conveyed Congress's intent to preclude officers with service prior to their advanced education from the exclusion.

We disagree with the government.  "Absent a clearly expressed legislative intention to the contrary, [the statute's] language must ordinarily be regarded as conclusive." *See Consumer Prod. Safety Comm'n*, 447 U.S. at 108.  Here, the government fails to point to a legislative intention contrary to the statute's plain language.  Certainly, earlier versions of the statute omitted the final clause, "for the period of service preceding the member's service in a student status."  Importantly, however, Congress did not enact those earlier versions.  Instead, it enacted a version that included the final clause.  Accordingly, we must assume that Congress added this language with a purpose, namely, to clarify which period of service is not subject to the exclusion. *See Taylor v. United States*, 495 U.S. 575, 597 (1990)

---

[7]    The court still determined that the government's construction was "the most natural syntactical reading of the language." *Decision*, 153 Fed. Cl. at 355.

[8]    Available at https://www.congress.gov/106/bills/hr1401/BILLS-106hr1401ih.pdf   and   https://www.congress.gov/106/bills/s1059/BILLS-106s1059pp.pdf.

("We must assume that Congress had a purpose in adding the word 'burglary' to [the statute]."); *GPX Int'l Tire Corp. v. United States*, 678 F.3d 1308, 1312 (Fed. Cir. 2012) ("[A] statute cannot be interpreted in a manner that would 'negate[] its recent revision, and indeed would render it [] largely meaningless.'") (quoting *Rumsfeld v. Forum for Acad. & Institutional Rts.*, 547 U.S. 47, 57–58 (2006) (alterations in original)).   Moreover, the government's interpretation under which "the final phrase could be deleted without changing the meaning," *Decision*, 153 Fed. Cl. at 355, is inconsistent with the legislative history.

Second, the government contends that LTC Hirsch's construction is illogical.  According to the government, the statute already clarifies that the exclusion applies to an officer's service during an advanced education program (as long as the officer's service meets additional requirements).  Thus, in the government's view, it would be pointless for the statute to further clarify that the exclusion does ***not*** apply to an officer's service ***before*** the advanced education program.

We disagree with the government.  LTC Hirsch's construction makes sense in view of "the broader context of the statute as a whole." *Momenta Pharms.*, 686 F.3d at 1354 (quoting *Robinson*, 519 U.S. at 341).  As explained above, § 14706(a)(3) provides that the exclusion applies to an officer's service during an advanced education program (subject to additional requirements).  However, some subset of officers such as LTC Hirsch may have also served prior to attending an advanced education program.  Section 14706(b) makes clear that such prior service is not also subject to the exclusion.  The government's argument is thus unpersuasive.  Accordingly, we construe § 14706(b) to provide that the exclusion does not apply to "the period of service preceding the member's service in a student

status."[9]  Here that encompasses LTC Hirsch's service in the Transportation Corps.

In summary, because LTC Hirsch satisfies both the requirements of § 14706(a)(3) and § 14706(b), he is entitled to exclude his service during law school.

## CONCLUSION

We have considered the government's remaining arguments but find them unpersuasive.  For the foregoing reasons, we *reverse* the Claims Court's judgment and *remand* for further proceedings consistent with this opinion.

## REVERSED AND REMANDED

### COSTS

Costs to appellant.

---

[9]    Although not dispositive, this construction comports with the Army's regulation concerning chaplain candidates.  *See* Army Reg. 165-1, 7-5(a).