NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRUCE A. LING, JR.,**
*Petitioner-Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

---

2023-1072

---

Appeal from the United States Court of Federal Claims in No. 1:20-vv-00061-EHM, Judge Edward H. Meyers.

---

Decided: December 6, 2023

---

BRUCE A. LING, JR., Tallahassee, FL, pro se.

EMILIE WILLIAMS, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, C. SALVATORE D'ALESSIO, HEATHER LYNN PEARLMAN.

---

Before LOURIE, DYK, and TARANTO, *Circuit Judges*.

PER CURIAM.

Bruce A. Ling, Jr. once again seeks compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 ("Vaccine Act"), based on his allegations that a seasonal influenza vaccination he received in November 2011 caused him to develop Guillain-Barré Syndrome ("GBS"). The special master denied his claim, finding that Ling did not present sufficient evidence to substantiate his allegation that he suffered from GBS. *Ling v. Sec'y of Health & Hum. Servs.*, No. 20-61V, 2021 WL 3913935, at \*4 (Fed. Cl. Spec. Mstr. Aug. 17, 2021) ("*Decision*"). The United States Court of Federal Claims ("Claims Court") dismissed Ling's untimely motion for review but concluded that, even if the motion had been timely, the special master's decision was not arbitrary or capricious. *Ling v. Sec'y of Health & Hum. Servs.*, No. 20-61V (Fed. Cl. Mar. 3, 2022), R.A. 6–12.[1] Thereafter, Ling filed two motions for reconsideration, which the Claims Court denied. Ling then filed a petition for review in this court.

For the following reasons, we *dismiss* Ling's appeal.

## BACKGROUND

Ling has filed three *pro se* petitions under the Vaccine Act, each alleging injuries from the same November 2011 flu vaccination. His first petition was denied on the merits after he could not substantiate his alleged, unspecified injury. *Ling v. Sec'y of Health & Hum. Servs.*, No. 14-1017, 2017 WL 3814649, at \*4 (Fed. Cl. July 21, 2017). His second petition was dismissed because he had a civil suit pending in the United States District Court for the Northern District of Florida at the time his petition was filed. *Ling v. Sec'y of Health & Hum. Servs.*, 145 Fed. Cl. 778,

---

[1]    "R.A." refers to the appendix filed with Respondent-Appellee's brief.

783–84 (2019); *see Flowers v. Sec'y of Dep't of Health & Hum. Servs.*, 49 F.3d 1558, 1561 (Fed. Cir. 1995) (holding that § 300aa-11(a)(5)(B) "prohibit[s] the filing of any Vaccine Act petition in which the petitioner has a co-pending civil action, irrespective of the date of that co-pendency"). Ling now seeks compensation for a third time, alleging that a 2019 GBS diagnosis by his physician substantiates his claim for relief.  R.A. 23, 31.

On August 17, 2021, the special master denied Ling's claim, finding that Ling had not produced "persuasive evidence" of a GBS diagnosis. *Decision* at *4.  A copy of the decision was served on Ling via U.S. Mail. R.A. 8.  On September 1, 2021, the Claims Court published the special master's decision on its website, and a copy of that published decision was again served on Ling via U.S. Mail. *Id.* at 3, 8.  Judgment was entered against Ling on September 17, 2021. *Id.* at 3, 8; *see* 42 U.S.C. §§ 300aa-12(e)(1), (3) ("In the absence of a motion [for review of] the special master's decision . . . the clerk of the [Claims Court] shall immediately enter judgment in accordance with the special master's decision."); *see also* Vaccine Rule 11(a).

On October 12, 2021, only after judgment had been entered, did Ling file a motion for review of the special master's decision.  R.A. 4, 8.  He alleged, *inter alia*, that he never received the mailed copy of the special master's August 17, 2021 decision, and that the delay prejudiced him in preparing his motion and violated his right to due process. *See id.* at 72–73, 77–80.  As for the merits, he maintained that the evidence he submitted was sufficient to support a GBS diagnosis. *Id.* at 74–77.

On March 3, 2022, the Claims Court dismissed Ling's motion, holding that it was untimely because, even if Ling had not received the mailed copy of the August 17, 2021 decision, he *had* received the copy of the published, September 1, 2021 decision. *Id.* at 10.  This meant that Ling had at least 19 days to move for review upon receiving a

copy of the decision, which did not rise to the level of a due process violation. *Id.*; *see Hervey v. Sec'y of Health & Hum. Servs.*, 88 F.3d 1001, 1003 (Fed. Cir. 1996) (holding that a shortened period of 20 days to file a motion for review did not violate vaccine petitioner's right to due process). Accordingly, the Claims Court determined that it lacked jurisdiction over Ling's motion for review. R.A. 10 (citing *Widdoss v. Sec'y of Dep't of Health & Hum. Servs.*, 989 F.2d 1170, 1177 (Fed. Cir. 1993) (holding that the thirty-day deadline to file a motion for review under § 300aa-12(e)(1) is jurisdictional)).[2] Nevertheless, the Claims Court determined that, even if it had jurisdiction, the special master's decision was not arbitrary or capricious because there was no evidence that Ling in fact had GBS. R.A. 11.

Thereafter, Ling filed two motions for reconsideration, which were denied on April 12, 2022, and June 27, 2022, respectively. *Id.* at 4. On August 15, 2022, Ling petitioned for review in this court. *Id.* at 5.

---

[2] As the Claims Court observed, since *Widdoss*, the Supreme Court has emphasized "the distinction between jurisdictional prescriptions and nonjurisdictional claim-processing rules, which 'seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (citation omitted); *see ECC Int'l Constructors, LLC v. Sec'y of Army*, 79 F.4th 1364 (Fed. Cir. 2023). We have not resolved whether or not that recent guidance affects our holding in *Widdoss*. *See Gaiter v. Sec'y of Health & Hum. Servs.*, 784 F. App'x 759, 762–63 (Fed. Cir. 2019). But we need not reach that issue here, where, as explained below, Ling's petition for review in *this* court was also untimely.

## DISCUSSION

Section 300aa-12(f) of the Vaccine Act states that the Secretary or any petitioner aggrieved by the findings or conclusions of the Claims Court on a petition for compensation may obtain review in this court "upon petition filed within 60 days of the date of judgment." 42 U.S.C. § 300aa-12(f); *see* 28 U.S.C. § 1295(a)(3) (granting this court jurisdiction over "an appeal from a final decision" of the Claims Court).

The Secretary argues that this appeal should be dismissed for lack of jurisdiction because Ling's August 15, 2022 petition for review in this court was not filed within 60 days of the Claims Court's March 3, 2022 order. Secretary's Br. at 5–6 (citing § 300aa-12(f)). We observed, however, that the Claims Court never entered a separate judgment with respect to that order. *See, e.g.*, Vaccine Rule 30 (providing that, upon the Claims Court judge's decision on a motion for review, the clerk "will enter judgment in accordance with the decision"). We therefore requested supplemental briefing from the parties to address: (1) whether separate judgment was necessary to render the Claims Court's decision "final" and thereby appealable pursuant to 28 U.S.C. § 1295(a)(3); (2) whether Ling's two motions for reconsideration of the March 3, 2022 order tolled the deadline to petition for review in this court; and (3) whether the 60-day time limit to file a "petition for review" in this court under § 300aa-12(f) is a jurisdictional rule or a nonjurisdictional rule subject to waiver, forfeiture, and equitable considerations. ECF 23; *see, e.g.*, *Fort Bend County*, 139 S. Ct. at 1849.

I

Upon consideration of that supplemental briefing, we first conclude that the Claims Court did not need to enter separate judgment upon dismissing Ling's motion on March 3, 2022, to render its decision final. As a *pro se* litigant, Ling's pleadings must be construed liberally.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Although titled as a "motion for review," we find the substance of Ling's October 12, 2021 motion best construed as one for post-judgment reconsideration pursuant to Claims Court Rule 59.  *See* Vaccine Rule 36.  So construed, Ling's motion, filed within 28 days of the September 17, 2021 entry of judgment was timely.  *See* Claims Court Rule 59.  Moreover, when construed in this way, the Claims Court need not have entered separate judgment, *see* Claims Court Rule 58, and the 60-day time limit for Ling to file a petition for review in this court would have been tolled, running not from the entry of judgment on September 17, 2021, but from the entry of the Claims Court's March 3, 2022 order disposing of the motion.  Fed. R. App. P. 4(a)(4).

But liberally construing Ling's post-judgment motion in this way, his petition for review in *this* court, filed on August 15, 2022—more than five months after March 3, 2022—clearly did not meet the 60-day time limit of § 300aa-12(f).  This conclusion is unaffected by Ling's two subsequent motions for reconsideration because those motions, each filed more than 28 days after the entry of judgment, did not toll the time to appeal.  *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 269 (1978) (noting that Fed. R. App. P. 4(a)(4) requires "that a [Rule 59] motion be timely if it is to toll the time for appeal").  Although we recognize that Ling is not an attorney and that he is not fully acquainted with court rules and appellate procedures, the Supreme Court has instructed courts to enforce procedural rules even against *pro se* litigants who may not be familiar with them.  *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

Accordingly, we conclude that Ling's petition for review in this court was untimely.

## II

Because the petition was untimely, the Secretary urges us to dismiss this appeal for lack of jurisdiction. But as we noted above, the Supreme Court has recently emphasized the distinction between jurisdictional prescriptions and nonjurisdictional claim-processing rules.

"A 'jurisdictional' prescription sets the bounds of the 'court's adjudicatory authority.' By contrast, nonjurisdictional rules govern how courts and litigants operate within those bounds." *Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) (internal citation omitted). While jurisdictional rules are absolute and cannot be waived, nonjurisdictional claim-processing rules, although mandatory, are subject to equitable exceptions. *See id.* That is, unlike jurisdictional rules, the enforcement of a claim-processing rule may be waived or forfeited where the party asserting it "waits too long to raise the point." *Fort Bend County*, 139 S. Ct. at 1849.

We need not decide for the purposes of this case whether the time limit imposed by § 300aa-12(f) is a jurisdictional prescription or a nonjurisdictional claim-processing rule. We dismiss the appeal regardless because, even if the rule is not jurisdictional, the Secretary has neither waived nor forfeited its enforcement. *See* Secretary's Br. at 5–6. And we see no other equitable considerations which would warrant deviation from this rule. Accordingly, we adhere to the 60-day time limit of § 300aa-12(f).

### CONCLUSION

For these reasons, we conclude that, because Ling's petition for review in this court was untimely filed under § 300aa-12(f), his appeal must be dismissed.

### **DISMISSED**

### COSTS

No costs.